IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-73-FL

ANGELICIA VICTORIA MARIA AUSTIN, )
)
    Plaintiff, )
)
)
)  ORDER AND MEMORANDUM
v. )  AND RECOMMENDATION
)
MICHEAL J. ASTRUE, Commissioner of )
Social Security[1], )
)
    Defendant. )

This matter is before the court for review of Plaintiff Angelicia Victoria Maria Austin's *pro se* application to proceed *in forma pauperis* and her complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that the complaint be DISMISSED WITHOUT PREJUDICE.

## I. PLAINTIFF'S COMPLAINT

Plaintiff has submitted a form complaint in this matter in which she has provided handwritten responses to typed questions outlining the factual and legal basis of her complaint. [DE-1-1]. The caption of the complaint identifies Defendant to this action as the Commissioner of Social Security. *Id.* at 1. Regarding the nature of her complaint, Plaintiff alleges that she has "visited several doctors on many different dates who have stated that [she is] no longer able to

---

[1] The court has interpreted Plaintiff's complaint as one seeking review of the Social Security Administration's denial of Plaintiff's benefits and has construed Plaintiff's identification of the Commissioner as a misspelling.

work because of [her] physical condition." *Id.* at 2. She alleges that her doctors "have shown social security that [she is] disabled and have [sic] a lifetime impairment." *Id.* Plaintiff alleges further that "social security continues to ignore the evidence and deny [sic] [her] benefits." *Id.* at 3. Plaintiff alleges she is unable to work and needs further medical care. *Id.* Plaintiff alleges she applied four and a half years ago, but fails to make any further allegations regarding the nature of her alleged application or the status of the administrative proceedings regarding her benefits application to the Commissioner. *Id.*

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir.1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ( "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual

2

allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir.1994). However, while the court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor, the court is not required to "conjure up questions never squarely presented to them [and] judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

As part of its review, a court may consider whether it has subject matter jurisdiction of the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *see Biggs v. Comm'r of Social Security*, No. 5:11-CV-172-FL, 2011 WL 3664572, (E.D.N.C. Aug. 18, 2011) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing

3

subject matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

### III. ANALYSIS

The allegations of Plaintiff's complaint suggest she is seeking review of a denial by the Commissioner of Social Security Administration of her claim for social security benefits. In order for this court to exercise jurisdiction over a decision of the Commissioner regarding the denial of benefits, the decision by the Commissioner must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . .") (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision ," the claimant must complete an administrative review process. 20 C.F.R. §§ 404.900(a), 416.1400(a); *see generally Califano v. Sanders*, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council review. *Id.* §§ 404.900(a)(1-4), 416.1400(a)(1-4). Proceeding through these stages exhausts the claimant's administrative remedies. Only upon completion of these steps may the claimant then seek judicial review by filing an action in a federal district court. *Id.* §§ 404.900(a)(5),

4

Case 5:13-cv-00073-FL   Document 3   Filed 02/04/13   Page 4 of 6

416.1400(a)(5).

Plaintiff has failed to allege that the administrative process regarding her application for social security benefits has been exhausted and that the Commissioner has issued a final decision. Accordingly, this court lacks jurisdiction to review the Commissioner's alleged termination of Plaintiff's benefits. *See Mathews*, 424 U.S. at 327 (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court); *Biggs*, 2011 WL 3664572, at *2. Plaintiff has therefore failed to carry her burden in demonstrating that the Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff's failure to exhaust administrative remedies should not be excused in this case. *See Bowen v. City of New York*, 476 U.S. 467, 481-85 (1986). Such a failure may be excused when (1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986) (citing *Bowen*, 476 U.S. at 481-85). A failure to exhaust administrative remedies may also be excused where "the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir.1987) (citing *Mathews*, 424 U.S. at 330-31). Here, Plaintiff has made no allegations from which this court may conclude an exception to the exhaustion requirement applies. *See Biggs*, 2011 WL 3664572, at *2.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be

5

DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND RECOMMENDED, the 4th day of February, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge