IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-73-FL

| | | |
|---|---|---|
| ANGELICIA VICTORIA MARIA AUSTIN, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| CAROLYN W. COLVIN,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on the recommendation that *pro se* plaintiff's claim be dismissed without prejudice for lack of subject matter jurisdiction (DE 3) and plaintiff's objection (DE 5). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he allows granting plaintiff's motion for leave to proceed in forma pauperis ("IFP"), but recommends dismissing plaintiff's claim for lack of subject matter jurisdiction. On February 8, 2013, plaintiff filed objection. For the reasons that follow, the court adopts the magistrate judge's recommendation to allow plaintiff to proceed IFP, but declines to adopt the recommendation to dismiss.

---

[1] Although plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W Colvin is now the Acting Commissioner. As such, under Federal Rule of Civil Procedure 25(d) Colvin is automatically substituted as a party in place of Astrue. Fed. R. Civ. P. 25(d).

**COURT'S DISCUSSION**

On January 29, 2013, *pro se* plaintiff filed complaint and moved for leave to proceed IFP. (DE 1). The magistrate judge allowed plaintiff to proceed, but recommended that under 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Plaintiff seeks recovery of social security benefits. The magistrate judge set forth in detail the basis for the court's jurisdiction and plaintiff's failure to demonstrate the same. In particular, the magistrate judge noted that the Commissioner of Social Security must render a "final decision" before federal courts have can jurisdiction over a claim. See 42 U.S.C. § 405(g). To obtain a judicially reviewable "final decision," the claimant must complete the administrative review process. See 20 C.F.R. §§ 404.900(a), 416.1400(a). As the magistrate judge noted, the administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ") and (4) Appeals Council review. Id. §§ 404.900(a)(1-4), 416.1400(a)(1-4). A claimant must complete all four steps to exhaust administrative remedies.

The magistrate judge recommended dismissal of plaintiff's complaint because she had failed to allege exhaustion of the administrative process regarding her application for social security benefits. Attached to her objection, however, plaintiff has provided a notice of the Appeals Council's decision to deny her request for review, dated December 4, 2012. Accordingly, the court declines to adopt the magistrate judge's recommendation to dismiss this case for lack of subject

matter jurisdiction. Plaintiff is allowed to proceed with this action, and the parties may address the issue of exhaustion in further proceedings in this case.

The court notes, however, that plaintiff has failed to provide proper summons two of the three appropriate federal agencies or officers in this action. While she provided summons for the Social Security Commissioner, she has not provided summons for the U.S. Attorney General in Washington, D.C. and the U.S. Attorney for the Eastern District of North Carolina, as required by Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4(i). The court therefore directs plaintiff to file proper summons for those two parties within fourteen (14) days of this order.

## CONCLUSION

In sum, the magistrate judge granted plaintiff's IFP motion but recommends dismissing plaintiff's complaint for lack of subject matter jurisdiction. Upon considered review of the memorandum and recommendations, along with the plaintiff's objection, the court finds that plaintiff has now demonstrated subject matter jurisdiction. As such, the court ADOPTS the magistrate judge's IFP recommendation but DECLINES to adopt the findings and recommendations of the magistrate judge on subject matter jurisdiction. However, before the case can proceed the plaintiff must file proper summons to the clerk for the appropriate federal agencies and officers, as detailed above, within fourteen (14) days. Finally, the clerk of court is DIRECTED to amend the parties to this case to be consistent with the caption above.

SO ORDERED, this the 4th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Court Judge